IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOEY VILLARREAL, PETE VILLARREAL, ARNULFO ALEJO, JOSE LUIS GOMEZ, ANGEL R. BUNDALI, MARVIN APLICANO and BOBBY LARIOS, | § § § § § § | CIVIL ACTION NO.  4:13-CV-2662 |
| Plaintiffs, | § § | |
| v. | § § | |
| SAMARIPA OILFIELD SERVICES, LLC and AMY SAMARIPA, | § § § § | |
| Defendants. | § | |

**PLAINTIFFS' MOTION FOR ATTORNEY'S FEES**

TO THE HONORABLE COURT:

COME NOW, Plaintiffs, with the Court having entered summary judgment in Plaintiffs' favor, submits their claim for statutory attorney fees pursuant to 29 U.S.C. section 216(b):

### I.  Basis for Motion for Attorney's Fees

This case is about Plaintiffs' claims that they were denied overtime pay to which they were entitled under the Fair Labor Standards Act. On December 28, 2014, this Court granted Plaintiffs' claims for unpaid overtime wages and liquidated damages. The Court awarded all of Plaintiffs' lost wages and full liquidated damages. 29 U.S.C. section 216 states that the court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.  Plaintiffs now submit their claim for attorney's fees and costs pursuant to the statute.

On January 5, 2014, at approximately 12 p.m., the undersigned emailed the draft of this motion[1] to Defendants' counsel Brian Rogers at his apparent current email address, *bwr5000@gmail.com*.[2] The undersigned provided Rogers until 5 p.m. that day to respond whether Defendants are opposed or unopposed to this motion. As of the filing of this motion, Rogers has not responded. Therefore, Plaintiffs submit this motion as is, subject to Defendants' opposition in the event Defendants file such a response with the Court.

## II.  Evidence

Plaintiffs attach the following evidence in support of their Motion for Attorney's Fees:

Exh. 1:   Declaration of Kerry V. O'Brien

Exh. 2:   Time records of Kerry V. O'Brien

Exh. 3:   Resume of Kerry V. O'Brien

Exh. 4:   "ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEY FEES," Dkt. No. 101 in *Reyes et al. v. Stone,* Civil Action No. 11-cv-100-DAE, in the United States District Court of the Western District of Texas, San Antonio Division (approving a rate for Kerry O'Brien of $265/hour)

## III. Support for Attorney Fee's Claim

1.   Plaintiffs have been represented by the undersigned counsel on this claim since the inception of the lawsuit.

2.   Plaintiffs' counsel has accepted this matter on a contingency basis and has not yet been paid anything for his work on the case.

3.   The Declaration of Kerry V. O'Brien, Plaintiffs' attorney in this matter, and his curriculum vitae and time records are attached hereto and incorporated herein for all purposes.

---

[1] The draft sent to Rogers included the text in this paragraph. Because Rogers had stopped responding to the undersigned's communications in January 2014, the undersigned anticipated that he would receive no response to this email, as well.

[2] While Mr. Rogers has not changed his contact information with the court, the contact information on file appears to be outdated. However, Mr. Rogers corresponded with the court manager on 11/24/14 and 12/02/14 using the email address *bwr5000@gmail.com*.

4.    The reasonable fee which should be awarded to Plaintiffs for their attorney's fee is $8,135.00.  Plaintiffs also request $542.50 in costs.

5.    The fees requested herein do not include amounts for any future appellate work.  District courts in the Fifth Circuit are cloaked with considerable discretion in determining attorney's fees of prevailing parties.  See *Mota v. The University of Texas Houston Health Science Center,* 261, F.3d 512, 527 (5th Cir. 2001).

6.    District courts typically utilize the "lodestar method" to calculate attorney's fees.  *Green v. Adm'rs of the Tulane Educ. Fund,* 284 F.3d 642, 661 (5th Cir. 2002).  Initially, the Court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating attorney.  *Watkins v. Fordice,* 7 F.3d 453, 457 (5th Cir. 1993) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939-40, 76 L.Ed.2d 40 (1983)).  The lodestar is then computed by multiplying the number of hours reasonably expended by the reasonable hourly rate.  *Kellstrom*, 50 F.3d at 324; *Watkins,* 7 F.3d at 457.  The Court should consider the relevant factors announced in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), when analyzing the reasonableness of the hours expended and the hourly rate requested.  *L.U.L.A.C. v. Roscoe Indep. Sch. Dist.,* 119 F.3d 1228, 1232 (5th Cir. 1997); *Watkins,* 7 F.3d at 457.  The Court may then adjust the lodestar upward or downward if the *Johnson* factors not included in the reasonable fee analysis warrant the adjustment.  *Watkins,* 7 F.3d at 457; *Shipes v. Trinity Indus.,* 987 F.2d 311, 320 (5th Cir. 1993).

**Reasonable Number of Hours and Rate Required**

1.    As noted, the first step in determining the attorney's fee award is an evaluation of the number of hours reasonably expended.  *Louisiana Power Light Co. v. Kellstrom, et al.*, 50 F.3d 319, 324 (5th Cir. 1995).  When making this determination, fee applicants are customarily

required to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours. *Hensley,* 461 U.S. at 436-37; *Cooper v. Pentecost,* 77 F.3d 829, 832 (5th Cir. 1996). The Fifth Circuit has made clear, however, that:

> Practical considerations of the daily practice of law in this day and age preclude "writing a book" to describe in excruciating detail the professional services rendered for each hour or fraction of an hour.

*Kellstrom*, 50 F.3d at 327.

2. Attached are the Declaration of Kerry O'Brien and an itemized list of services that he performed. (Exhs. 1 and 2.) The itemized list contains detailed time entries of the services performed. The entries were made contemporaneously with work performed. The total number of hours requested are 30.70 for Kerry V. O'Brien.

3. After determining the hours reasonably expended on Plaintiff's claims, the Court must set a reasonable hourly rate. *L.U.L.A.C.,* 119 F.3d at 1234 (citing *Watkins,* 7 F.3d at 458). "The reasonable hourly rate is based on the 'prevailing market rates in the relevant community.'" *Id.* (quoting *Blum v. Stenson,* 465 U.S. 886, 895 (1984)). To determine "the prevailing market rate," the Court may properly consider hourly rates set in other cases as well as affidavits regarding the reasonableness of suggested rates. *Associated Builders & Contractors v. Orleans Parish School Board*, 919 F.2d 374, 379 (5th Cir. 1990).

4. In his Declaration, O'Brien states that the rate of $265 is a usual and customary rate for such work in both the Travis County and Harris County litigation communities. Furthermore, in September 2014, the Western District of Texas - San Antonio Division granted, after a jury verdict, a $265 per hour rate for O'Brien's work in a two-plaintiff FLSA overtime/retaliation (Order attached as Exh. 4). O'Brien has been a litigation attorney since October 2003 and has

been litigating employment cases, including FLSA cases, since 2008. O'Brien has tried at least 15 case to civil juries and at least 80 cases to criminal juries. Ten years ago, federal district courts have approved awards in this range as well *See, e.g Communications Workers of American v. Ector County Hospital District,* 241 F. Supp. 617 (W.D. Tex. 2002) [noting range of $275-$300 per hour in Odessa].

5.      The Fifth Circuit has repeatedly made clear that if the attorney's billing rate is within the range of prevailing market rates for attorneys with similar skill and experience, the Court should consider this rate when determining the hourly rate to be awarded. *Watkins,* 7 F.3d at 459 (citing *Islamic Ctr. v. City of Starkville,* 876 F.2d 465, 469 (5th Cir. 1989). When that rate is not contested, it is *prima facie* reasonable. *Islamic Ctr.,* 876 F.2d at 469; *see also Powell v. Commissioner,* 891 F.2d 1167, 1175 (5th Cir. 1990) (holding customary billing rate to be *prima facie* reasonable). In this case, Defendants' counsel has chosen not to confer on the billing rates and amounts proposed by Plaintiff's counsel. In the absence of a response or opposing data from Defendants to this Motion, the Court should deem $265 per hour to be reasonable.

6.      After making these two determinations, "[t]he number of compensable hours is then multiplied by the selected hourly rate to produce the 'lodestar' amount." *Shipes v. Trinity Industries,* 987 F.2d 311,319 (5th Cir.1993). Therefore, in accordance with the evidence, the Court is requested to award attorney fees and costs in the amount of **$8,678.00**, which includes 30.70 hours by Kerry O'Brien multiplied by $265 per hour and $542.50 in costs.

7.      The Court should note that all primary relief requested by Plaintiffs was granted, including liquidated damages. Plaintiffs are clearly the prevailing parties in this suit. The Court should also note the skill required in practicing employment law, as employment practitioners must be equally familiar with practicing in both state and federal court.

### III.  CONCLUSION AND PRAYER

Plaintiff respectfully requests that the Court award Plaintiff $8678.00 for attorney fees and costs in this case.

Respectfully submitted,

KERRY V. O'BRIEN
Texas Bar No. 24038469

O'BRIEN LAW FIRM PC
1011 Westlake Drive
Austin, Texas 78746
ko@obrienlawpc.com
ph (512) 410-1960
fax (512) 410-6171

### CERTIFICATE OF SERVICE

I hereby certify that on this, the 8th day of January 2015, I the undersigned counsel for Plaintiffs served the foregoing document on Defendants' attorney Brian Rogers via the CMECF case filing system, **and** via email transmission to his most recent email address used in corresponding with the court:

Brian W. Rogers
ROGERS DAVIS LLP
121 E. Constitution
Victoria, Texas 77901
email: *bwr5000@gmail.com*

COUNSEL FOR PLAINTIFFS

Kerry V. O'Brien