IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOEY VILLARREAL, PETE VILLARREAL, ARNULFO ALEJO, JOSE LUIS GOMEZ, ANGEL R. BUNDALI, MARVIN APLICANO and BOBBY LARIOS, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO.  4:13-CV-2662 |
| SAMARIPA OILFIELD SERVICES, LLC and AMY SAMARIPA, | § § § § | |
| Defendants. | § § | |

### DECLARATION OF KERRY V. O'BRIEN

In accordance with the provisions of 28 U.S.C. § 1746, the undersigned hereby makes this declaration.

1. I am over eighteen years of age and am competent to give this Declaration, which is based upon my personal knowledge.

2. I have been a litigation attorney for 10 years. I have tried approximately 15 civil jury trials to verdict and another 8 civil bench trials to verdict. I have been handling labor cases for 9 of those 10 years, handling workers' compensation for the first 4 years and employment litigation for the last 6 years.

3. I am the attorney for all Plaintiffs in the above-styled lawsuit.  Attached to Plaintiff's Application for Attorney Fees, Costs and Expenses is a true and correct copy of my office's billing records from this case.  They are accurate and describe work actually performed on this case by me.  All hours expended in furthering the clients' interests were reasonable.

4. The portion of the case on which summary judgment was rendered is a claim of violation of the Fair Labor Standards Act due to unpaid overtime.  While cases of this type vary in complexity, the Act itself is the most complex employment law statute in my opinion. It contains innumerable exceptions through a substantial volume of regulations governing all manner of existing employment circumstances.  Executing an effective Motion for Summary Judgment as a plaintiff's attorney and essentially

limiting the accrual of fees comes from my substantial litigation experience. A lesser attorney may not have known how to bring this issue to conclusion by dispositive motion. I would describe the complexity of this case to be moderate in the evaluation and execution.

5. I took this case on contingency due to the fact that statutory attorney fees are provided by the FLSA. Contingency fees in employment cases carry a higher risk of default by the defendant due to the fact that the defendants are employers rather than insurance companies and close up or file for bankruptcy at a much higher rate. Therefore, not only is there a higher risk of default on the debt, but there is a much lower assurance of voluntary compliance with a judgment than that which occurs when the defendant is an insurance company. Therefore, I am prepared for and anticipating the need to engage in collections actions against the defendants.

6. Due to the fact that Texas is a pro-employer at-will employment state, with less employee protections than many states, attorneys who have a dedicated employee-only practice are rare.

7. Although I have previously requested $300 in cases, I am billing at a rate of $265 due to the approval of such rate by the Western District of Texas in September 2014. $265/hour is a reasonable rate for litigation work for a 10-year litigation attorney in either Harris County or Travis County. All of the work for which I am billing at a $265/hour rate was attorney work rather than clerical work.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this, the 5th day of January 2015 in City of Austin, State of Texas.

*Kerry O'Brien* (signature)

Kerry O'Brien