IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EDWARD F. REYES and BRYANT HOUSTON, | ) ) ) | NO. SA: 11–CV–110–DAE |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| BILLIE ODELL STONE, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

On April 6, 2014, Plaintiffs filed a Motion for Attorney's Fees. (Dkt. # 92.) Defendant did not file a response in opposition. After careful consideration of the motion, the Court **GRANTS IN PART** Plaintiffs' Motion (Dkt. # 92).

BACKGROUND

Plaintiffs filed suit against Defendant alleging causes of action under the Fair Labor Standards Act ("FLSA") for failure to pay overtime and for retaliatory termination. The Court granted summary judgment to Plaintiffs on their causes of action for failure to pay overtime compensation. (Dkt. # 38). The case proceeded to trial on March 11, 2014, and a jury found that Plaintiffs had been terminated in retaliation for filing a complaint in federal court regarding their

1

FLSA claims. (Dkt. # 85.) Plaintiffs request a total of $23,252.50 in attorney's fees and $1,587.77 in costs.

## LEGAL STANDARD

Under the FLSA, a district court "may award reasonable attorney's fees to the prevailing party." Saizan v. Delta Concrete Products Co., Inc., 448 F.3d 795, 799 (5th Cir. 2006). In the Fifth Circuit, attorney's fees, including those incurred in connection with FLSA cases, are calculated pursuant to the "lodestar method." Id. Pursuant to this method, an award is calculated by"[m]ultiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work . . . ." Id.

Once the lodestar is obtained, a court may then adjust the amount after examining the twelve factors enunciated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstance; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and

2

length of the professional relationship with the client; and (12) awards in similar cases. Id. at 717–19.

The Fifth Circuit maintains that courts should additionally focus on the degree of success obtained by the attorney. See Saizan, 448 F.3d at 799. However, "[i]n a lawsuit initiated under the FLSA, an attorney's failure to obtain every dollar sought on behalf of his client does not automatically mean that the modified lodestar amount should be reduced." Id. (internal quotation marks omitted).

DISCUSSION

Plaintiffs' attorney, Kerry O'Brien, provided a log of the hours expended in this case. In total, O'Brien billed 77.1 hours and his legal assistant billed 10.30 hours. (Dkt. # 92 ¶ 2.) O'Brien also states that a reasonable and customary rate for work in Travis County is $300.00 per hour for attorneys and $125.00 for legal assistant work. O'Brien notes that he billed travel time at $100.00 per hour rather than his customary $300.00 rate. O'Brien states he has practiced law for over a decade, and his legal assistant has over 20 years of experience as a paralegal. Additionally, O'Brien points out that all the relief sought by his clients was awarded either by the Court or the jury.

After a careful review of the time claimed to have been expended by O'Brien and his firm, the Court finds the number of hours to be reasonable. The

3

case was ongoing for three years, with numerous motions filed and a trial.

Although the Court does not discount Mr. O'Brien's experience, it appears that what is considered a reasonable rate in the Western District of Texas is somewhat lower than $300.00 per hour. Martinez v. Bank of America N.A., No. SA–12–CV–785–XR, 2013 WL 5173655 (W.D. Tex. 2013) (finding rates of $268.00 per hour for an attorney with more than twenty-one years of experience and $205.00 per hour for an attorney with three to six years of experience reasonable); Saldana v. Zubha Foods, LLC, Cv. No. SA:13–CV–00033–DAE, 2013 WL 3305542 (W.D. Tex. 2013) (finding a rate of $275.00 per hour to be reasonable for an attorney with nearly twenty years of experience and a rate of $120 per hour to be reasonable for a paralegal with more than twenty years of experience); Caldwell Indep. Sch. Dist. V. L.P., 994 F. Supp. 2d 811 (W.D. Tex. 2012) (finding billing rates between $250 and $285 to be reasonable for the Austin-Round Rock area); but c.f., Davis v. Perry, 991 F. Supp. 2d 809 (W.D. Tex. 2014) (finding billing rates of over $300 acceptable in the Western District of Texas market for a complex redistricting case).

After reviewing the rates customarily awarded in the Western District of Texas, the Court finds that a rate of $260.00 per hour to be more representative of customary rates for an attorney with Mr. O'Brien's experience and $120.00 per

4

hour to be an appropriate rate for legal assistant work. Therefore, the Court recalculates the proposed lodestar as follows:

From Mr. O'Brien's submission, he spent a total of 77.1 hours pursuing this case. Of this time, he billed three hours for travel time on September 4, 2012. Additionally, although Mr. O'Brien did not explicitly breakdown his travel time to and from trial, it states that Mr. O'Brien did travel to and from San Antonio for trial on both days. The Court shall assume that each day, Mr. O'Brien expended two of the billed hours traveling. Therefore, Mr. O'Brien is entitled to (70.1 * $260.00) = $18,226.50 in attorney's fees for his work on this case and (7*$100.00) = $700.00 for his travel time. Additionally, Mr. O'Brien is entitled to an award of (10.3*$120.00) = $1,236.00 for the work performed by his legal assistant. The lodestar, therefore, is $20,162.00.

Next, the Court must address the twelve factors laid out in <u>Johnson</u> to determine whether the lodestar should be adjusted. However, if these factors were accounted for in the initial calculation of the lodestar, they cannot form the basis for any additional adjustment. <u>Saizan v. Delta Concrete Products Co., Inc.</u>, 448 F.3d 795, 800 (5th Cir. 2006) ("The lodestar may not be adjusted due to a <u>Johnson</u> factor, however, if the creation of the lodestar already took that factor into account; to do so would be impermissible double counting.")

5

A.  <u>The time and labor required</u>

The Court finds that this case did not require an excessive amount of time to warrant an adjustment to the lodestar.

B.  <u>The novelty and difficulty of the questions</u>

The Court finds that the questions presented in this case were not novel or exceptionally difficult; therefore, the Court will not adjust the lodestar on this basis.

C.  <u>The skill required to perform the legal services properly</u>

The Court finds that counsel displayed commendable skill in the prosecution of this case. However, the lodestar will not be adjusted on account of this factor because the Court already factored it in to determine his reasonable hourly rate.

D.  <u>The preclusion of other employment by the attorney due to acceptance of the case</u>

The Court notes that this case did not require an excessive time commitment. Therefore, the Court finds that this factor does not warrant an adjustment of the lodestar.

E.  <u>The customary fee</u>

The Court has already taken into account the customary fees awarded in similar cases in determining the reasonable hourly rate. Therefore, no further adjustment to the lodestar is warranted.

6

F. <u>Whether the fee is fixed or contingent</u>

The Court finds that the lodestar does not need to be adjusted on the basis that this suit was handled on a contingent fee basis.

G. <u>Time limitations imposed by the client or circumstance</u>

The Court finds that although Plaintiffs' counsel did devote significant time to this case, it is not necessary to adjust the lodestar on this basis.

H. <u>The amount involved and the results obtained</u>

The Court finds that the amount involved does not warrant an adjustment to the lodestar. The Court already took the results obtained into account in determining the reasonable hours expended, therefore the lodestar will not be adjusted on this basis.

I. <u>The experience, reputation, and ability of the attorney</u>

The Court has already taken the experience, reputation, and abilities of the attorney involved into account in determining the reasonable hourly rate.

J. <u>The undesirability of the case</u>

The Court notes that an FLSA case with only two plaintiffs may be less desirable than multi-party cases due to smaller potential awards of damages. However, the Court does not find that the lodestar should be adjusted on this basis.

K. <u>The nature and length of the professional relationship with the client</u>

The Court finds that this factor does not warrant an adjustment to the lodestar.

L. <u>Awards in similar cases</u>

The Court has already taken awards in similar cases into account in determining the reasonable hourly rates awarded to Plaintiffs' attorneys. Therefore, no additional adjustment to the lodestar is necessary.

After taking each of these adjustments into account, the Court finds that Plaintiffs' are entitled to **$20,162.00 in attorney's fees.** Additionally, the Court finds that the costs requested by Mr. O'Brien are reasonable. Therefore, the Court awards **$1,587.77** in costs.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** Plaintiffs' Motion for Attorney's Fees and Costs (Dkt. # 92). The Court awards Plaintiffs **$20, 162.00 in attorney's fees** and **$1,587.77 in costs.**

IT IS SO ORDERED.

DATED: September 29, 2014, San Antonio, Texas.

_____
David Alan Ezra
Senior United States Distict Judge

8