UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOEY VILLAREAL, *ET AL*. | § | |
|     *Plaintiffs*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-13-2662 |
| | § | |
| SAMARIPA OILFIELD SERVS., LLC AND | § | |
| AMY SAMARIPA, | § | |
|     *Defendants*. | § | |

## ORDER

This matter is before the court on defendants' Rule 59 and Rule 60 motions for relief from judgment and for new trial (Dkt. 31). Defendants' motion is granted.

## Background

On September 11, 2013, plaintiffs filed their original complaint against defendants alleging violations of the Fair Labor Standards Act. Defendants, represented by Brian W. Rogers of the law firm Rogers Davis LLP, filed an answer on November 5, 2013. Rogers participated in preparation of the joint discovery/case management plan, appeared on behalf of defendants at the initial scheduling conference, and signed the parties consent to magistrate jurisdiction (Dkts. 9, 10, 13).

In May 2014, plaintiff's sought leave to file an amended complaint. Rogers did not file a response, but did file on June 10, 2014 a motion for leave to file a counterclaim against plaintiffs. October 31, 2014, plaintiffs filed a motion for summary judgment. Rogers did not respond on behalf of defendants. On December

20, 2014, Rogers did not appear for the court's duly noticed telephone conference regarding the voluntary dismissal of plaintiff Richard Holdman's claims. On December 30, 2014, the court issued an order granting summary judgment in favor of plaintiffs.

On January 12, 2015, defendant Amy Samaripa was informed of the December 30, 2014 judgment by Rogers's former partner, Mark Davis. After attempting unsuccessfully to contact Rogers, she promptly sought new counsel. On January 27, 2015, defendants' new counsel filed the current motion seeking relief from the summary judgment on grounds of attorney abandonment.

**Analysis**

The court will analyze defendants' motion under Federal Rule of Civil Procedure 60(b).[1] The court's analysis is guided by the standards set forth in *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401-03 (5th Cir. [Unit A] 1981). *See also*

---

[1] Rule 60 provides:
On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
  (1)   mistake, inadvertence, surprise, or excusable neglect;
  (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
  (3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
  (4)   the judgment is void;
  (5)   the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
  (6)   any other reason that justifies relief.

*Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082-83 (5th Cir. 1984) (repeating the *Seven Elves* standards largely verbatim). In considering a Rule 60(b) motion the court considers the following factors:

> (1) that final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Seven Elves*, 635 F.2d at 402. The court applies these factors keeping in mind the need to strike a balance between preserving the finality of judgments and accomplishing justice. The determination of a Rule 60(b) motion is directed to the sound discretion of the court. *Id.* at 402-03.

Here, as in *Seven Elves*, application of the factors points decidedly in favor of granting relief. Only factor 1 weighs in favor of plaintiffs, assuming that summary judgment is the functional equivalent of a final judgment, even though a separate final judgment has not yet been entered. While that factor is significant, it is outweighed

3

by the interests of justice in this case, and particularly by the lack of a contested ruling on the merits.

Plaintiffs' rely heavily on the distinction between default judgment versus judgment on the merits, which the Fifth Circuit emphasized in *Crutcher*:

> [W]e have liberally construed Rule 60(b) when counsel's abandonment of a client causes a default judgment. Many times a default judgment has been set aside in favor of a hearing on the merits. Crutcher's case is not a default judgment; it is a summary judgment at a hearing attended by all counsel. As a result, the policy of favoring final judgments looms larger in the scheme of factors the court considers on a 60(b) motion than it does when a default judgment is at stake.

747 F.2d at 1083. *Seven Elves* also notes the liberal construction of Rule 60 in the context of default judgments. 635 F.2d at 403. But these cases make clear that Rule 60(b) is not limited to default judgments -- even if it is often easier to resolve such cases. *Seven Elves* is not a default judgment case. *See* 635 F.2d at 403 and n.2. Nonetheless, the *Seven Elves* court reasoned that a similar liberal construction is warranted in the context of summary judgment where defendants did not have an opportunity to present their side of the controversy. Indeed, this is the context contemplated by factor 6 in the above list, and it is precisely what happened here.

Samaripa testifies by affidavit that she communicated with Rogers between September 2013 and January 2014. She met with Rogers in January 2014 at which time he informed her that litigation can take a long time and he would contact her if

necessary. Having not heard from Rogers since that meeting, Samaripa attempted to contact him in mid-2014. Despite the fact that he did not return her messages, she remembered and relied upon his statement that he would contact her if she needed to do anything. Samaripa attests that she did not know about plaintiffs' discovery requests or the summary judgment filing.[2] In addition, defendants have presented some evidence that potentially could have created a genuine issue of material fact regarding whether plaintiffs were employees or independent contractors, and whether plaintiffs actually worked as many hours as they claimed.[3]

*Link v. Wabash RR Co.*, 370 U.S. 626, 634 (1962), does not advance plaintiffs' position. In *Link*, the Supreme Court found the district court did not err in dismissing a plaintiff's case when counsel failed to appear for a noticed scheduling conference. *Link* is notable for the proposition that the plaintiff who "voluntarily chose this attorney as his representative in the action . . . cannot now avoid the consequences of the acts or omissions of this freely selected agent." 370 U.S. at 633-34. Significantly, *Link* did not involve a motion under Rule 60(b), and the court did not address the issue of attorney abandonment. *Pryor v. U.S. Postal Serv.*, 769 F.2d 281 (5th Cir. 1985), also involved dismissal of a plaintiff's case for want of prosecution. While the

---

[2] Samaripa Affidavit, Dkt. 32. The affidavit was filed under seal, but the information contained here was stated by counsel on the record in open court.

[3] *See* Dkts. 32, 52-58. In *Crutcher*, the court expressly held that Crutcher had no defense to Aetna's claims. 746 F.2d at 1084.

plaintiff in *Pryor* did file a motion for relief under Rule 60(b), the motion was untimely, and there was no question that plaintiff was represented by counsel. 769 F.2d at 286-88. *Link* and *Pryor* are substantively different from the instant case and do not require denial of relief.

Finally, plaintiffs rely on a Fifth Circuit case denying relief under Rule 59(e) from a summary judgment that had been unopposed by plaintiffs' previous counsel. *Templet v. HydroChem Inc.,* 367 F.3d 473 (5th Cir. 2004). The case is distinguishable, not only because it was not decided under Rule 60 (b)(6), but also because the parties had been continuously represented by counsel before, during and after the summary judgment proceedings. *Id.* at 479.

**Conclusion and Order**

For the reasons discussed above, it is ordered that defendants' motion for relief from judgment (Dkt. 31) is granted.[4]

It is further ordered that the parties shall appear on September 14, 2015 at 2:00 p.m. for a scheduling conference to reset deadlines in this case.

Signed at Houston, Texas on September 2, 2015.

*[signature]*
Stephen Wm Smith
United States Magistrate Judge

---

[4] In light of this order, plaintiffs' motion for attorney's fees (Dkt. 29) is denied as premature.